EXHIBIT A

« Return to search results

## Case Information

| | | | |
|---|---|---|---|
| **Case Number:** | CV2025-001171 | **Judge:** | Hannah, John |
| **File Date:** | 1/9/2025 | **Location:** | Downtown |
| **Case Type:** | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Matthew Heyman | Plaintiff | Male | Troy Foster |
| Verizon Select Services Inc | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 1/28/2025 | AFS - Affidavit Of Service | 1/28/2025 | |
| **NOTE:** | Declaration of Service / Verizon Select Services, Inc | | |
| 1/9/2025 | COM - Complaint | 1/10/2025 | |
| **NOTE:** | Complaint | | |
| 1/9/2025 | CSH - Coversheet | 1/10/2025 | |
| **NOTE:** | Civil Cover Sheet | | |
| 1/9/2025 | CCN - Cert Arbitration - Not Subject | 1/10/2025 | |
| **NOTE:** | Certificate Of Compulsory Arbitration - Is Not Subject To | | |
| 1/9/2025 | SUM - Summons | 1/10/2025 | |
| **NOTE:** | Summons | | |

## Case Calendar

**There are no calendar events on file**

## Judgments

| Date | (F)or / (A)gainst | Amount | Frequency | Type | Status |
|---|---|---|---|---|---|
| No records found. | | | | | |

EXHIBIT B

Person Filing: Troy Foster
Address (if not protected): 902 W Mcdowell Rd
City, State, Zip Code:  Phoenix, AZ 85007
Telephone: (602)461-7990
Email Address: tfoster@thefosterlaw.com
Representing [□  ] Self or [☒  ] Attorney for:
Lawyer's Bar Number: 017229, Issuing State: AZ

Clerk of the Superior Court
*** Electronically Filed ***
A. Mariscal, Deputy
1/9/2025 2:23:27 PM
Filing ID 19137790

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

Case Number: **CV2025-001171**

Matthew Heyman
_____
Name of Plaintiff

**SUMMONS**

AND

Verizon Select Services, Inc. a foreign
corporation
_____
Name of Defendant

| **WARNING**:  This is an official document from the court that affects your rights.  Read this carefully. If you do not understand it, contact a lawyer for help. |
|---|

                                              Verizon Select Services, Inc. a foreign
**FROM THE STATE OF ARIZONA TO:** corporation
_____
                                                        Name of Defendant

1.  **A lawsuit has been filed against you.**  A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2.  If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to Clerk of the Superior Court, or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation. Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons. Note:  If you do not file electronically you will not have electronic access to the document in this case.

AZturboCourt.gov Form Set #10910490

3.    If this "Summons" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served.  If this "Summons" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.    You can get a copy of the court papers filed in this case from the Petitioner at the address at the top of this paper, or from the Clerk of the Superior Court.

5.    Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

6.    Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this Date: *January 09, 2025*

*JEFF FINE*
Clerk of Superior Court

By: *A. MARISCAL*
Deputy Clerk



If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

EXHIBIT C

Clerk of the Superior Court
*** Electronically Filed ***
A. Mariscal, Deputy
1/9/2025 2:23:27 PM
Filing ID 19137787

Troy P. Foster #017229
**The Foster Group, PLLC**
902 W. McDowell Road
Phoenix, Arizona 85007
Tel: 602-461-7990
tfoster@thefosterlaw.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF ARIZONA

## FOR MARICOPA COUNTY

| | |
|---|---|
| Matthew Heyman, an individual,<br><br>                                    Plaintiff,<br><br>vs.<br><br>Verizon Select Services, Inc., a foreign corporation,<br><br>                                    Defendant. | Case No.: **CV2025-001171**<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff Matthew Heyman ("Plaintiff" or "Mr. Heyman") in this Complaint against Verizon Select Services, Inc. ("Defendant" or "Verizon"), collectively referred to as "the Parties," alleges as follows:

### Introduction

Defendant terminated Mr. Heyman because Mr. Heyman took statutorily-protected leave under the FMLA after suffering from COVID-19.

### Identification of Parties and Background

1.      Defendant employed Mr. Heyman from September 2002 until his termination on or about early August 2023.

2.      Mr. Heyman served Defendant as an Advanced Network Technician as well as an officer of Verizon.

1

3.      During his over two decades of service with Defendant, Plaintiff did not receive any disciplinary action and received several promotions and positive performance evaluations.

4.      At all times relevant to this Complaint, Mr. Heyman was a resident of Maricopa County, Arizona.

5.      At all times relevant to this Complaint, the Defendant was authorized to conduct, and conducted, business in Maricopa County.

6.      Defendants' acts and omissions occurred in Maricopa County.

7.      As such, jurisdiction and venue are appropriate before this Court.

### Mr. Heyman's Illness and Medical Leave

8.      In early May 2023, Plaintiff started feeling ill driving back from Casa Grande visiting a customer.

9.      Plaintiff had a serious medical condition.

10.     Plaintiff called in sick to the Verizon Absence Hotline.

11.     In addition, Plaintiff communicated to his boss making him aware he would be out sick.

12.     Plaintiff was diagnosed with Covid-19.

13.     Plaintiff's boss demanded that he join a zoom call during his illness.

14.     Plaintiff joined the call, and Defendant informed Plaintiff that he would be terminated.

15.     On June 17, 2023, Plaintiff opened a short-term disability claim because his symptoms continued after testing negative for weeks.

16.     Plaintiff was concerned as he had never felt the same after first being infected in March of 2020.

17.     On June 26, 2023, David Tinsley called Mr. Heyman asking if he had been to the hospital.

18.     Plaintiff responded via text that he was really struggling with severe headaches and fatigue, and would call him back at a later time.

2

19.    Mr. Tinsley responded also via text that Defendant needed a letter from the doctor for his short term claim.

20.    Plaintiff let Mr. Tinsley know that he had sent all of the paperwork over to Sedgwick.

21.    Mr. Tinsley began sending intrusive texts about Plaintiff's medical condition.

22.    For example, Mr. Tinsley inquired whether Plaintiff had seen a pulmonologist.

23.    Mr. Tinsley also asked if Plaintiff's condition was worsening, and if so, whether Plaintiff went to the ER.

24.    Plaintiff felt that the questions were invasive, and they made him feel uncomfortable.

25.    Plaintiff advised Mr. Tinsley that he had an upcoming appointment with a pulmonologist.

26.    Mr. Tinsley continued to ask personal and invasive questions.

27.    Mr. Tinsley asked if Plaintiff's wife would be going with him to the doctor's appointment.

28.    On or about June 27, 2023, "Becky" from the Defendant's Employee Absence Hotline called Plaintiff.

29.    During that call, Becky informed Plaintiff that he needed to file an extension with Sedgwick or Defendant would not get paid through insurance.

30.    Plaintiff immediately filed an extension, as requested.

31.    That extension was approved.

32.    On July 5, 2023, Plaintiff turned in all of his Verizon assets to his supervisor David Tinsley.

33.    There was no mention of an exit interview or his claim.

34.    Moreover, there was no mention of the reason for his selection for prospective termination.

35.     On July 10, 2023, Plaintiff received a text asking if he was still on short term disability.

36.     On July 26, 2023, Plaintiff received a voice mail from David Tinsley checking in on him.

37.     Mr. Tinsley also sent a text telling Plaintiff he was told that he requested an extension of his disability leave.

38.     Plaintiff informed Mr. Tinsley that that Human Resources suggested that he file for an extension because he was still having fatigue, headaches, shortness of breath and heightened blood pressure.

39.     Mr. Tinsley then responded "did that happen?"

40.     Plaintiff let Mr. Tinsley know that the extension was requested, and that Defendant's TPA had the documentation from the pulmonologist, cardiologist, and primary care providers.

41.     On July 28, 2023, Mr. Tinsley left Plaintiff another voicemail.

42.     No information about any further extensions needed was given to Plaintiff by Mr. Tinsley, Human Resources, or any of Defendant's agents.

43.     On August 8, 2023, Plaintiff logged in to check the status of his claim.

44.     Plaintiff noticed he had no open claims.

45.     He immediately sent a text to Mr. Tinsley stating he needed to speak with Human Resources.

46.     Mr. Tinsley responded and told Mr. Heyman that he left Human Resources a voicemail.

47.     However, Mr. Tinsley refused to provide a phone number for someone in Human Resources because he had surrendered his assets.

48.     On August 9, 2023, Plaintiff filed an appeal with Sedgwick for closing his claim.

49.     Plaintiff also continued calling and texting Mr. Tinsley, and he continued not to provide contact information for Human Resources.

50.     On August 10, 2023, Plaintiff again attempted to reach out to Mr. Tinsley in hopes of connecting with Human Resources.

51.     Plaintiff was concerned about his employment status and the status of his claim, as both would directly impact his income.

52.     Mr. Tinsley finally responded later in the afternoon.

53.     Plaintiff observed Mr. Tinsley's voice was shaky and quivering.

54.     Mr. Tinsley kept trying to schedule a call with Human Resources only when he could be present.

55.     Defendant – through Mr. Tinsley – interfered with Plaintiff's right to learn the status of his leave, claim, and employment.

56.     Mr. Tinsley had sent texts to Plaintiff that were meant for the HR representative and not Mr. Heyman.

57.     Those texts revealed that Defendant – through Mr. Tinsley – intended to interfere with Mr. Heyman's leave, claim for disability, and obstruct information.

58.     Plaintiff never heard from Mr. Tinsley or Human Resources again.

59.     On August 15, 2023 Plaintiff emailed Verizon HR because Sedgwick informed him that he could not file an appeal.

60.     The basis for Mr. Heyman's inability to file an appeal was because, as he first learned through Sedwick, Plaintiff was no longer employed with Verizon.

61.     To this date, Plaintiff suffers from the same serious medical condition, some have called "long Covid."

62.     Defendant's actions exacerbated his condition and interfered with his ability to seek certain treatments.

## CLAIMS

## Count One:  FMLA Retaliation

63.     Defendant was a covered employer under the Family Medical Leave Act.

64.     At the time of his illness, Mr. Heyman had been employed with Defendant for more than a year.

5

65. At the time of his illness, Mr. Heyman had worked more than 1250 hours in the previous year.

66. Mr. Heyman suffered from a serious medical condition from early May 2023 until he was terminated.

67. As such, Mr. Heyman was a qualified employee under the statute.

68. Defendant was an employer subject to the FMLA.

69. Defendant took adverse actions against Plaintiff because of his serious medical condition.

70. Defendant took adverse actions against Plaintiff because of his request for statutorily-protected leave.

71. Upon information and belief, Defendant denied Plaintiff his statutorily-protected leave to which he was entitled.

72. Defendant failed to provide Plaintiff with information related to his leave such that he could take advantage of the rights.

73. Defendant's actions were intentional.

74. Defendant's actions damaged Mr. Heyman.

75. Mr. Heyman is entitled to back pay, front pay, consequential damages, liquidated damages, and attorneys' fees and costs.

### Count Two:  FMLA Interference

76. Defendant is a covered employer under the statute.

77. At the time of his illness, Mr. Heyman had been employed with Defendant for more than a year.

78. At the time of his illness, Mr. Heyman had worked more than 1250 hours in the previous year.

79. Mr. Heyman suffered from a serious medical condition from early May 2023 until he was terminated.

80. As such, Mr. Heyman was a qualified employee under the statute.

81.     Defendant interfered with Mr. Heyman's right to take his statutorily protected leave under the FMLA.

82.     Specifically, Defendant required Plaintiff to work while he had a serious illness and qualified for FMLA leave.

83.     In addition, and subsequent to Plaintiff having a serious illness and qualifying for FMLA leave, Defendant terminated his employment.

84.     Plaintiff believes that there is a causal connection between the adverse action and his exercise of rights.

85.     Defendant's actions were intentional.

86.     Defendant's actions damaged Mr. Heyman.

87.     Mr. Heyman is entitled to back pay, front pay, consequential damages, liquidated damages, punitive damages, and attorneys' fees and costs.

### Prayer for Relief

WHEREFORE, Mr. Heyman prays for judgment against Defendant, as follows:

1.  For general damages;

2.  For back pay and front pay;

3.  Compensatory damages;

4.  Consequential damages;

5.  Punitive damages;

6.  For attorneys' fees and costs incurred; and

7.  For such other and further relief as the Court may deem proper.

**DATED** this 9th day of January, 2025.

**The Foster Group, PLLC**

*/s/ Troy P. Foster*
Troy P. Foster
902 W. McDowell Road
Phoenix, Arizona 85007
*Attorneys for Plaintiff*

# EXHIBIT D

Clerk of the Superior Court
*** Electronically Filed ***
A. Mariscal, Deputy
1/9/2025 2:23:27 PM
Filing ID 19137789

Person/Attorney Filing: Troy Foster
Mailing Address: 902 W Mcdowell Rd
City, State, Zip Code: Phoenix, AZ 85007
Phone Number: (602)461-7990
E-Mail Address: tfoster@thefosterlaw.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 017229, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

Matthew Heyman
Plaintiff(s),

v.

Verizon Select Services, Inc. a
foreign corporation
Defendant(s).

Case No.  **CV2025-001171**

**CERTIFICATE OF
COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of
the Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this  January 09, 2025

By: Troy Foster /s/
     Plaintiff/Attorney for Plaintiff

# EXHIBIT E

# In the Superior Court of the State of Arizona
# In and For the County of Maricopa

Clerk of the Superior Court
*** Electronically Filed ***
A. Mariscal, Deputy
1/9/2025 2:23:27 PM
Filing ID 19137788

**Plaintiff's Attorney:**

Troy Foster
Bar Number: 017229, issuing State: AZ
Law Firm: The Foster Group, PLLC
902 W Mcdowell Rd
Phoenix, AZ 85007
Telephone Number: (602)461-7990
Email address: tfoster@thefosterlaw.com

CV2025-001171

**Plaintiff:**

Matthew Heyman

**Defendant:**

Verizon Select Services, Inc. a foreign corporation

Discovery Tier t3

Case Category: Other Civil Case Categories
Case Subcategory: Employment Dispute - Other

AZTurboCourt.gov Form Set #10910490

# EXHIBIT F

Clerk of the Superior Court
*** Electronically Filed ***
K. Higuchi-Mason, Deputy
1/28/2025 9:18:42 AM
Filing ID 19236950

IN THE SUPERIOR COURT OF ARIZONA FOR MARICOPA COUNTY

**Matthew Heyman**

    *Plaintiff(s) / Petitioner(s)*

v.                                                                    Case No.: CV2025-001171

**Verizon Select Services, Inc.**

    *Defendant(s) / Respondent(s)*

## <u>DECLARATION OF SERVICE</u>

I, Yvette Owens, state:

I am an Arizona private process server in good standing, MC8378. I am 21 years or older and not a party to this action.

I served the following documents to Verizon Select Services, Inc. in Maricopa County, AZ on January 24, 2025 at 9:17 am at 3800 North Central Avenue, suite 460, Phoenix, AZ 85012 by leaving the following documents with Demestria Tsosi who as Clerk is authorized by appointment or by law to receive service of process for Verizon Select Services, Inc..

Cover Sheet
Summons
Complaint
Certificate of Compulsory Arbitration

Native Hawaiian or Other Pacific Islander Female, est. age 25-34, glasses: Y, Black hair, 160 lbs to 180 lbs, 5' 6" to 5' 9".
Geolocation of Serve: https://google.com/maps?q=33.4914294326,-112.0745950592
Photograph: See Exhibit 1

Total Cost: $107.00

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ARIZONA THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in

__Maricopa County__ ,

__AZ__ on __1/27/2025__ .

/s/ *Yvette Owens*
_____
Signature
Yvette Owens
+1 (602) 465-6931

# EXHIBIT G

Monica M. Ryden (State Bar No. 023986)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Monica.Ryden@jacksonlewis.com

*Attorneys for Defendant*

ARIZONA SUPERIOR COURT

MARICOPA COUNTY

| | |
|---|---|
| Matthew Heyman, | Case No.: CV2025-001171 |
| Plaintiff, | **NOTICE OF FILING NOTICE OF REMOVAL** |
| vs. | |
| Verizon Select Services, Inc., a foreign corporation, | |
| Defendant. | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Verizon Select Services, Inc. ("Defendant"), serves this Notice that it has filed a Notice of Removal of the above-captioned action from this Court to the United States District Court for the District of Arizona. A true and correct copy of the Notice of Removal is attached as Exhibit 1 and is incorporated by reference.

As provided in 28 U.S.C. § 1446(d), this Notice effects the removal of this action, and this Court shall proceed no further unless and until this case is remanded.

DATED February 20, 2025.

JACKSON LEWIS P.C.

By: /s/ *Monica M. Ryden*
Monica M. Ryden
*Attorneys for Defendant*

The foregoing e-filed
February 20, 2025.

**COPY** of the foregoing emailed
February 20, 2025 to:

Troy P. Foster
The Foster Group, PLLC
902 W. McDowell Road
Phoenix, AZ 85007
tfoster@thefosterlaw.com
*Attorney for Plaintiff*

By: */s/ Susan Stimson*

4934-3225-2442, v. 1

2