1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Heyman, | No. CV-25-00581-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Verizon Select Services Incorporated, | |
| Defendant. | |

The parties are advised of the following preliminary policies and procedures that will govern these proceedings.

**IT IS ORDERED** as follows:

### Governing Rules

Both counsel and *pro se* litigants must abide by the <u>Rules of Practice of the U.S. District Court for the District of Arizona</u> ("Local Rules") and the <u>Federal Rules of Civil Procedure</u>.

### Disclosure Statements

Full compliance with Federal Rule of Civil Procedure 7.1 is required by plaintiff(s) and defendant(s). Rule 7.1(a)(1) requires any nongovernmental corporation to file a disclosure statement identifying "any parent corporation and any publicly held corporation owning 10% or more of its stock." Rule 7.1(a)(2) requires a party in an action where jurisdiction is based on diversity under 28 U.S.C. § 1332(a) to file a disclosure statement identifying the citizenship of "every individual or entity whose citizenship is attributed to

that party." A Corporate Disclosure Statement form is available at https://www.azd.uscourts.gov/forms/disclosure-statement.

### Service Deadline

Service of the summons and complaint on each defendant located in the United States must occur within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). If service cannot occur within 90 days, a request for an extension may be filed *before* expiration of the 90-day period. Any such request must set forth the reason why service has not been accomplished and request a specific short additional period of time. If the Court believes your reason constitutes "good cause," it will authorize a brief additional period to accomplish service.

Proof of service must be filed with the Clerk of Court, in the form of an affidavit, promptly after service has been made. *See* Fed. R. Civ. P. 4(l). It is important to comply with this requirement because absent proof of service, the Court will have no way of knowing that the complaint has been served.

This order serves as an express warning that the Court will dismiss this action, without further notice to plaintiff(s), with respect to any defendant that is not timely served. *See* Fed. R. Civ. P. 4(m).

### Forms of Papers

The parties shall adhere to all of the requirements of Local Rule 7.1, including the requirement that text and footnotes shall be no smaller than 13 point. Citations supporting any textual proposition shall be included in the text, not in a footnote.

### Paper Courtesy Copies

Do not send paper courtesy copies of Federal Rule of Civil Procedure 7(a) pleadings, short procedural motions (*e.g.*, motions for extension of time), 26(f) reports, or stipulations. A paper courtesy copy of dispositive motions (or other lengthy motions that will be opposed) and any responses or replies thereto shall be either postmarked and mailed to the judge or hand-delivered to the judge's mailbox in the courthouse by the next business day after the electronic filing. Do not attempt to deliver documents to the judge's chambers.

Courtesy copies should be double-sided and include the ECF-generated header at the top of each page. Courtesy copies of documents too large for stapling must be submitted in three-ring binders.

**Amending Pleadings**

Before filing a motion for leave to amend a pleading, the party that wishes to amend must seek the consent of the other parties in an attempt to file the amended pleading pursuant to Local Rule 15.1(b). If any party is unwilling to consent, the motion for leave to amend must indicate which party (or parties) will oppose the request. If a motion for leave to amend a pleading fails to so indicate, the motion will be denied without prejudice for failure to adhere to this order.

**Motions and Stipulations**

Every motion or stipulation, however mundane, must cite the rule(s) and/or law(s) that permit the Court to grant the requested relief. Requests for extensions of time must include a brief explanation of why the extension is needed to help the Court determine whether there is good cause. *See* Fed. R. Civ. P. 6(b)(1)(A).

To ensure timely case processing, a party moving for an extension of time, enlargement of page limitations, or leave to file a document under seal shall indicate in the motion whether the non-movant opposes the request and intends to file a written response. If such a motion does not so indicate, it may be denied for failure to comply with this order.

Motions and stipulations should be accompanied by proposed orders. A proposed order is not necessary for motions that will require a reasoned analysis from the Court, or for stipulations requesting issuance of the Court's standard protective order with no amendments. These proposed orders must not be on letterhead or contain any information identifying the party submitting the order, and they must set forth the relief requested rather than incorporating the motion or stipulation by reference. *See also* Local Rule 7.1(b)(3). Proposed orders must be emailed—in Microsoft Word format (*not* PDF)—to Lanham_chambers@azd.uscourts.gov. The subject line of the email must include the case name, case number, the words "proposed order for [name of motion]," and an indication

1   of whether the motion is opposed or unopposed if this is not otherwise apparent from the
2   name of the motion.

3                          **Rule 12 Motions Are Discouraged**

4           Any motion under Federal Rule of Civil Procedure 12 is discouraged if the
5   challenged defect in the pleading can be cured by filing an amended pleading. The Court
6   therefore requires that: (1) before filing a Rule 12(b)(6) motion to dismiss or a Rule 12(c)
7   motion for judgment on the pleadings, the movant confer with the opposing party to
8   determine whether such motion can be avoided; and (2) the movant attach a certificate of
9   conferral, certifying that it notified the opposing party of the issues asserted in its motion
10  and that the parties conferred but were unable to agree that the pleading was curable in any
11  part by a permissible amendment offered by the pleading party. *See also* Local Rule
12  12.1(c). The requirement to meet and confer and attach a certificate of conferral applies in
13  equal force to motions to dismiss amended complaints, notwithstanding earlier conferrals
14  and certificates filed before the complaint was amended. Any motion lacking the required
15  certification may be summarily stricken.

16                              **Protective Orders**

17          The Court's standard protective order is available is available at
18  www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures →
19  Lanham, Krissa M. If the parties agree that discoverable materials should be kept
20  confidential, they may file a stipulation requesting that the Court issue its standard
21  protective order. If the parties wish to propose additional provisions, they may request and
22  stipulate to the additional proposed language, subject to the Court's review. In that case,
23  all language added to the standard order by the parties should be redlined into a Word
24  document using "tracked changes," and the parties' Word document with the tracked
25  changes must be emailed to chambers. The parties are reminded that the mere fact the
26  parties have designated certain materials or information as confidential pursuant to an
27  agreement or stipulation does not mean the Court will automatically order that filings
28  containing such information be placed under seal. *See Ctr. for Auto Safety v. Chrysler Grp.,*

1   *LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

2                              **Motions to Seal**

3          Local Rule 5.6 governs sealing of court records in unsealed civil actions. Every

4   motion to seal, including stipulations pursuant to Local Rule 5.6(d), must identify the legal

5   standard applicable to the document at issue and explain why the material sought to be

6   sealed meets that standard. The stringent "compelling reasons supported by specific factual

7   findings" standard articulated in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172,

8   1178 (9th Cir. 2006), applies to motions and their attachments where the motion is "more

9   than tangentially related to the merits of a case." *Ctr. for Auto Safety*, 809 F.3d at 1101.

10  Merely noting that a document was designated confidential by a party will not satisfy any

11  applicable legal standard for sealing.

12         Where a party seeks to seal only certain portions of a given document, the

13  unredacted version of the document, which should be lodged under seal pursuant to Local

14  Rule 5.6(c), must include highlighting to indicate which portions of the document the party

15  seeks to redact.

16                    **Emergencies and Expedited Consideration**

17         Any party desiring expedited consideration of a motion or other matter pending

18  before the Court may make such a request by filing a separate *Notice for Expedited*

19  *Consideration* accompanied by a certificate from counsel for the moving party or, if

20  unrepresented, the moving party. The certificate must set forth the following: 1) the facts

21  establishing the need for expedited resolution; 2) the dates of the imminent events pertinent

22  to the request; 3) whether the motion or request for expedited consideration could have

23  been filed earlier; and 4) when or how the moving party will provide notice to all other

24  parties and the other parties' positions on the motion. A request for expedited consideration

25  that is simply mentioned in the caption/title of the related filing will not be considered—a

26  separate notice and certificate must be filed.

27                      **Requests to Reschedule Court Dates**

28         The Court interprets Local Rule 7.3(b) as applying to requests to reschedule court

dates due to attorney conflicts. As such, and to enable the court to efficiently manage cases, such requests must be made by motion or stipulation, must indicate the position of each other party, and (unless another party plans to file a written opposition, which would be appropriate only in rare circumstances) must propose to the Court at least three dates/times when all counsel are available for rescheduling purposes.

### Noncompliance

The parties are specifically advised that failure to prosecute, to comply with court orders, or to comply with the Local and Federal Rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court. *See also* Local Rule 7.2(i) ("If a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the [opposing party] does not serve and file the required answering memoranda, . . . such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

Dated this 21st day of February, 2025.

Honorable Krissa M. Lanham
United States District Judge