Monica M. Ryden (State Bar No. 023986)
Jacqueline M. Palazzolo (State Bar No. 039977)
**JACKSON LEWIS P.C.**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Monica.Ryden@jacksonlewis.com
Jacqueline.Palazzolo@jacksonlewis.com

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Heyman,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Verizon Select Services, Inc., a foreign corporation,<br><br>　　　　　Defendant. | Case No.:  2:25-cv-00581-KML<br><br>**ANSWER TO COMPLAINT** |

Defendant Verizon Select Services, Inc., ("Verizon" or "Defendant") for its Answer to the Complaint filed by Matthew Heyman ("Plaintiff") admits, denies, defends, and alleges as follows:

　　　　1.　　Defendant admits the allegations in paragraph 1.

　　　　2.　　Defendant admits only that Defendant was hired as an Advanced Network Technician. Defendant denies the remaining allegations in Paragraph 2.

　　　　3.　　Defendant denies the allegations in paragraph 3.

　　　　4.　　Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and, accordingly, denies them.

　　　　5.　　Defendant admits the allegations in Paragraph 5.

6. Defendant admits only that this Court has subject matter jurisdiction over the claims and venue lies properly with this Court. Defendant denies the remaining allegations contained in Paragraph 6.

7. Defendant agrees this Court has subject matter jurisdiction over the claims and venue lies properly with this Court.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and, accordingly, denies the allegations in Paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and, accordingly, denies the allegations in Paragraph 9.

10. Defendant admits only that Plaintiff called out sick. Defendant denies any remaining allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and, accordingly, denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant admits only that Plaintiff was terminated on August 1, 2023.

15. Defendant admits only that Plaintiff opened a short-term disability claim on June 17, 2023. Defendant lacks knowledge or information sufficient to form a belief about Plaintiff's "symptoms" and, accordingly, denies the remaining allegations in Paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of how Plaintiff "felt" and, accordingly, denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in paragraph 18.

1     19.    Defendant denies the allegations in Paragraph 19.

2     20.    Defendant denies the allegations in Paragraph 20.

3     21.    Defendant denies the allegations in Paragraph 21.

4     22.    Defendant denies the allegations in Paragraph 22.

5     23.    Defendant denies the allegations in Paragraph 23.

6     24.    Defendant lacks knowledge or information sufficient for form a belief about the truth of the allegations in Paragraph 24 and, accordingly, denies the allegations in Paragraph 24.

9     25.    Defendant denies the allegations in Paragraph 25.

10     26.    Defendant denies the allegations in Paragraph 26.

11     27.    Defendant denies the allegations in Paragraph 27.

12     28.    Defendant denies the allegations in Paragraph 28.

13     29.    Defendant denies the allegations in Paragraph 29.

14     30.    Defendant admits the allegations in Paragraph 30.

15     31.    Defendant admits the allegations in Paragraph 31.

16     32.    Defendant admits the allegations in Paragraph 32.

17     33.    Defendant denies the allegations in Paragraph 33.

18     34.    Defendant denies the allegations in Paragraph 34.

19     35.    Defendant lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 35 and, accordingly, denies the allegations in Paragraph 35.

22     36.    Defendant denies the allegations in Paragraph 36.

23     37.    Defendant denies the allegations in Paragraph 37.

24     38.    Defendant denies the allegations in Paragraph 38.

25     39.    Defendant denies the allegations in Paragraph 39.

26     40.    Defendant denies the allegations in Paragraph 40.

27     41.    Defendant denies the allegations in Paragraph 41.

28

1  42. Defendant denies the allegations in Paragraph 42.

2  43. Defendant lacks knowledge or information sufficient to form a belief about
3  the truth of the allegations in Paragraph 43 and, accordingly, denies the allegations in
4  Paragraph 43.

5  44. Defendant lacks knowledge or information sufficient to form a belief about
6  the truth of the allegations in Paragraph 44 and, accordingly, denies the allegations in
7  Paragraph 44.

8  45. Defendant denies the allegations in Paragraph 45.
9  46. Defendant denies the allegations in Paragraph 46.
10  47. Defendant denies the allegations in Paragraph 47.
11  48. Defendant admits the allegations in Paragraph 48.
12  49. Defendant denies the allegations in Paragraph 49.
13  50. Defendant denies the allegations in Paragraph 50.

14  51. Defendant lacks knowledge or information sufficient to form a belief about
15  the truth of the allegations in Paragraph 51 and, accordingly, denies the allegations in
16  Paragraph 51.

17  52. Defendant denies the allegations in Paragraph 52.
18  53. Defendant denies the allegations in Paragraph 53.
19  54. Defendant denies allegations in Paragraph 54.
20  55. Defendant denies the allegations in Paragraph 55.
21  56. Defendant denies the allegations in Paragraph 56.
22  57. Defendant denies the allegations in Paragraph 57.
23  58. Defendant denies the allegations in Paragraph 58.
24  59. Defendant denies the allegations in Paragraph 59.
25  60. Defendant denies the allegations in Paragraph 60.

26
27
28

1     61.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 and, accordingly, denies the allegations in Paragraph 61.

    62.     Defendant denies the allegations in Paragraph 62.

## CLAIMS

### Count One: FMLA Retaliation

    63.     Paragraph 63 of the Complaint contains legal conclusions, which do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 63.

    64.     Defendant admits the allegations in Paragraph 64.

    65.     Defendant admits the allegations in Paragraph 65.

    66.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and, accordingly, denies the allegations in Paragraph 66.

    67.     Paragraph 67 of the Complaint contains legal conclusions, which do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 67.

    68.     Paragraph 68 of the Complaint contains legal conclusions, which do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 68.

    69.     Defendant denies the allegations in Paragraph 69.

    70.     Defendant denies the allegations in Paragraph 70.

    71.     Defendant denies the allegations in Paragraph 71.

    72.     Defendant denies the allegations in Paragraph 72.

    73.     Defendant denies the allegations in Paragraph 73.

    74.     Defendant denies the allegations in Paragraph 74.

    75.     Defendant denies the allegations in Paragraph 75.

**Count Two: FMLA Interference**

76. Paragraph 76 of the Complaint contains legal conclusions, which do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 76.

77. Defendant admits the allegations in Paragraph 77.

78. Defendant admits the allegations in Paragraph 78.

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 and, accordingly, denies the allegations in Paragraph 79.

80. Paragraph 80 of the Complaint contains legal conclusions, which do not require a response from Defendant. To the extent a response is required, Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

80. Defendant denies the allegations in Paragraph 82.

81. Defendant admits only Plaintiff's employment with Defendant was terminated on August 1, 2023. Defendant denies the remaining allegations in Paragraph 83.

82. Defendant lacks knowledge or information sufficient to form a belief about the truth of what "Plaintiff believes." Accordingly, Defendant denies the allegations in Paragraph 84.

83. Defendant denies the allegations in Paragraph 85.

84. Defendant denies Plaintiff was damaged by Defendant in any way.

85. Defendant denies Plaintiff was damaged by Defendant in any way.

**GENERAL DENIAL**

Defendant denies each and every allegation in the Complaint not specifically admitted.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof on Plaintiff. Defendant asserts the following defenses:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. All actions taken by Defendant with respect to Plaintiff's employment were undertaken in good faith and for legitimate business reasons, and Defendant had reasonable grounds to believe that its actions did not violate any rights that may be secured by Plaintiff under any federal or state laws, rules, regulations, guidelines or common law.

3. Plaintiff's claims are barred to the extent that there was no causal connection between the events alleged in his Complaint and any damages which he allegedly suffered.

4. Defendant asserts that Plaintiff was, at all material times, an at-will employee of Defendant and, therefore, Plaintiff was subject to discharge at any time, with or without cause, so long as said discharge was not for an unlawful reason.

5. Plaintiff has not suffered any legally cognizable damage.

6. Any amount which Plaintiff claims is due and owing to Plaintiff for lost wages and other employment benefits must be mitigated and reduced by the amount of wages and benefits Plaintiff earned (including unemployment compensation benefits), or through the exercise of reasonable diligence could have earned, during the period for which lost wages and benefits are sought by Plaintiff. To the extent Plaintiff has failed to make reasonable attempts to mitigate his damages, Plaintiff's damage claims must be reduced.

7. Plaintiff's claims for economic damages should be barred or limited by any after acquired evidence discovered by Defendant that would show that Plaintiff's employment would have been terminated on other grounds.

8. Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because Defendant's actions were in good faith, and Defendant had objectively reasonable grounds to believe that the act or omission did not violate the FMLA.

9. Plaintiff has failed to state a claim for the recovery of punitive damages upon which relief may be granted.

10. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, and unclean hands.

11. Plaintiff's claim for compensatory damages must be stricken as compensatory damages are not available under the FMLA.

Defendant asserts the right to amend its Answer in order to assert any additional affirmative defenses that it may uncover through discovery, or otherwise made known during the pendency of this case.

WHEREFORE, Defendant denies Plaintiff is entitled to judgment in her favor or to the relief requested following Paragraph 83. Having fully answered Plaintiff's Complaint, Defendant respectfully requests that the Court:

    A: Dismiss Plaintiff's Complaint with prejudice;

    B: Deny each and every demand, claim and prayer for relief against Defendant;

    C. Award Defendant reimbursement of reasonable attorneys' fees and costs incurred in defending this action; and

    D. Award such other relief as the Court deems just an appropriate under the circumstances.

1  Dated: March 27, 2025

JACKSON LEWIS P.C.

*/s/ Monica M. Ryden*
Monica M. Ryden
Jacqueline M. Palazzolo

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Troy P. Foster
The Foster Group, PLLC
902 W. McDowell Road
Phoenix, AZ 85007
tfoster@thefosterlaw.com
*Attorney for Plaintiff*

By: */s/ Susan Stimson*

4908-0877-3150, v. 4